# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEEN DIVISION
## CIVIL ACTION NO. 1:14CV-00013-JHM

**PATRICK S. ADWELL**                                                           **PLAINTIFF**

**VS.**

**CAROLYN W. COLVIN, Acting**
**Commissioner of Social Security**                                             **DEFENDANT**

## MEMORANDUM OPINION
## AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Patrick S. Adwell ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). The Plaintiff has filed a Fact and Law Summary (DN 11). Defendant has filed a Motion For Entry Of Judgment With Remand Under Sentence Four of 42 U.S.C. § 405(g) (DN 14). Plaintiff has not objected to Defendant's motion.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 8). By Order entered March 11, 2014 (DN 9), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

<u>FINDINGS OF FACT</u>

Plaintiff filed an application for Disability Insurance Benefits on November 9, 2010 (Tr. 18). Plaintiff alleged that he became disabled on March 17, 2008, as a result of a back injury, peripheral neuropathy, ulnar neuropathy, lumbar radiculopathy/disc surgery, lumbar degenerative disc disease/disc surgery, cervical disc bulge, mood disorder, anxiety disorder, carpal tunnel syndrome, and insomnia (Tr. 18, 244). Administrative Law Judge Richard E. Guida ("ALJ") conducted a video hearing from Baltimore, Maryland, on April 30, 2012 (Tr. 36-38). Plaintiff and his attorney, Ronald L. Hampton, attended the video hearing in Bowling Green, Kentucky (Tr. 18, 36-38). Also participating in the video hearing was James R. Newton, D.H.Sc., an impartial vocational expert (Tr. 18, 36-38).

In a decision dated May 30, 2012, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 18-30). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 17, 2008, the alleged onset date (Tr. 20). At the second step, the ALJ determined that Plaintiff's degenerative disc disease, bilateral ulnar neuropathy, right carpal tunnel syndrome, depressive disorder, and impulse control disorder are "severe" impairments within the meaning of the regulations (Tr. 20). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 20).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform less than a full range of light work because he can occasionally climb ramps and stairs, but he can never climb ladders, ropes, or scaffolds; he can frequently balance, stoop, crouch, and crawl; he is capable of frequent bilateral overhead reaching and frequent handling using the dominant hand; he

should avoid concentrated exposure to vibration and hazards such as dangerous machinery and unprotected heights; he is capable of performing unskilled work that is limited to simple, routine, and repetitive tasks, involving only simple, work-related decisions, and with few, if any, work place changes; and he is limited to only occasional interaction with supervisors, coworkers, and the public (Tr. 22). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of his past relevant work (Tr. 28-29).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 29-30). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 29-30). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from March 17, 2008 through May 30, 2012, the date of the decision (Tr. 30).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 10-11, 12). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4, 5).


CONCLUSIONS OF LAW

"A district court's authority to remand a case ... is found in 42 U.S.C. § 405(g) ..." Hollon ex rel. Hollon v. Comm'r of Soc. Sec., 447 F.3d 477, 482-83 (6th Cir. 2006). Sentence four of Section 405(g) authorizes a post judgment remand. Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under sentence four, the court makes a final judgment (e.g., affirming, reversing, or modifying the final decision of the Commissioner) and remands the case to the Commissioner with instructions to consider

additional evidence and/or conduct additional proceedings to remedy a defect in the original

proceedings.   Id. at 174-175.

Here, the Commissioner believes remand is appropriate in this case for the ALJ:

> [T]o reevaluate the medical opinion evidence; reassess the
> claimant's maximum residual functional capacity, providing
> appropriate rationale with specific references to evidence of record
> in support of the assessed limitations; and as warranted, obtain
> supplemental evidence from a vocational expert to clarify the effect
> of the assessed limitations on the occupational base.

(DN 14, Pages 1-2).   Therefore, the Commissioner moves the Court to enter a judgment reversing

her final administrative decision and remanding the case to her, pursuant to sentence four of 42

U.S.C. § 405(g), for further proceedings (DN 14).   Plaintiff has not objected to the

Commissioner's motion.   The Court has reviewed the record and concludes the Commissioner's

motion should be granted.


ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is reversed.

**IT IS FURTHER ORDERED** that the case is remanded to the Commissioner, pursuant to

sentence four of 42 U.S.C. § 405(g), with instructions to conduct further proceedings consistent

with this memorandum opinion.


Copies:          Counsel