UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14CV-00013-HBB

**PATRICK S. ADWELL**                                                                                   **PLAINTIFF**

**VS.**

**CAROLYN W. COLVIN, Acting**
**Commissioner of Social Security**                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is Plaintiff's motion for an award of attorney's fees, pursuant to the Equal Access to Justice Act (the "EAJA") (DN 17). Plaintiff seeks approval of attorney's fees in the amount of $2,331.25 for the time his counsel spent litigating his claim before the Court (DN 17). Plaintiff also seeks costs in the amount of $400.00 for filing fees and $20.10 for certified mail delivery (DN 17, Attachment 2 at p. 3). Plaintiff asks that the payment be directed to his counsel, Mary G. Burchett-Bower ("Ms. Burchett-Bower") (DN 17). Defendant does not oppose the request for attorney's fees or the amount sought (DN 18).

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the

Sixth Circuit Court of Appeals in the event an appeal is filed (DN 8). This matter is ripe for determination.

## FINDINGS OF FACT

On January 1, 2014, Plaintiff filed his complaint seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g) (DN 1). Plaintiff filed a fact and law summary (DN 11). Defendant responded by filing a motion for entry of judgment with remand for the Commissioner to consider additional evidence (DN 14). In a memorandum opinion and order, the undersigned reversed the final decision of the Commissioner and, pursuant to sentence four of 42 U.S.C. § 405(g), ordered the case be remanded to allow the Commissioner to conduct further proceedings (DN 15). The final judgment, in favor of Plaintiff, was entered on September 11, 2014 (DN 16).

On October 10, 2014, Plaintiff filed his motion for attorney's fees with the Court (DN 17). Plaintiff has submitted an itemization of the services Ms. Burchett-Bower provided in the judicial proceedings (DN 17, Attachment 3). Additionally, Plaintiff has submitted an affidavit assigning to Ms. Burchett-Bower any right or interest he may have in the award of attorney's fees (DN 17, Attachment 1).

## CONCLUSIONS OF LAW

The EAJA allows the award of attorney's fees and other expenses against the government provided that:

> (1) The party seeking such fees is the "prevailing party" in a civil action brought by or against the United States;

 (2) An application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of final judgment in the action;

 (3) The position of the government is not substantially justified;

 (4) The party seeking such fees is an individual whose net worth did not exceed $2,000,000.00 at the time the civil action was filed; and

 (5) No special circumstances make an award unjust.

28 U.S.C. §§ 2412(d)(1), (2). The absence of any one of the above factors precludes an award of fees. 28 U.S.C. §§ 2412(d)(1), (2). Here, the Commissioner acknowledges that an award of attorney's fees under § 2412(d) is appropriate (DN 18). The undersigned has reviewed the record and agrees.

Plaintiff seeks an award of attorney's fees in the amount of $2,331.25 (18.65 hours of work by counsel multiplied by $125.00 per hour) and seeks costs in the amount of $400.00 for filing fees (DN 17). Plaintiff also requests reimbursement in the amount of $20.10 for certified mail delivery, but it is unclear whether he is claiming the certified mail as a cost or an expense (DN 17, Motion; DN 17, Attachment 2). The Commissioner has not challenged this amount, but requests that this Court specifically indicate that Plaintiff is being awarded $2,351.35 in attorney's fees and expenses and $400.00 in costs (DN 18).

Under the EAJA, expenses and costs are treated differently and are paid from separate funds. 28 U.S.C. § 2412(a)(1), (d). The statute enumerates which reimbursements qualify as "costs" in 28 U.S.C. § 1920. Plaintiff's $400.00 filing fee qualifies as a "cost" under § 1920(1). However, certified mail is not a "cost" enumerated in § 1920, and consequently, qualifies as an

3

"expense." Therefore, after reviewing the supporting documentation submitted by Plaintiff (DN 17, Attachments 1, 2, 3), the undersigned concludes that an award of attorney's fees and expenses in the amount of $2,351.35 and an award of costs in the amount of $400 are appropriate.

Pursuant to Astrue v. Ratliff an EAJA fee award "is payable to the litigant [not the attorney] and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." 560 U.S. 586, 589 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010). Accordingly, after this Court enters an award for Plaintiff, if the Commissioner can verify that Plaintiff owes no pre-existing debt subject to offset, the Commissioner will direct that the award be made payable to Plaintiff's counsel under the EAJA assignment duly signed by Plaintiff and counsel.

## ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for attorney's fees (DN 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded attorney's fees in the amount of $2,351.35 (18.65 hours multiplied by $125.00 per hour and $20.10 in expenses).

**IT IS FURTHER ORDERED** that Plaintiff is awarded costs in the amount of $400.00.

Copies:	Counsel